### FIDELITY-PHENIX FIRE INSURANCE COMPANY OF NEW YORK, Appellant,

v.

### Chester HAMILTON, Appellee.

Court of Appeals of Kentucky.

Nov. 11, 1960.

Farland Robbins, Robbins & Cross, Mayfield, Percy Brown, Jr., Ogden, Brown, Robertson, & Marshall, Louisville, for appellant.

L. M. Tipton Reed, Martin, Neely & Reed, Clyde Burnett, Mayfield, for appellee.

BIRD, Chief Justice.

Chester Hamilton's tobacco barn was destroyed by fire. He recovered from Fidelity-Phenix Fire Insurance Company for losses resulting from the fire. The insurance company has moved for an appeal under KRS 21.080.

The insurance policy provided as follows:

"Firing of Tobacco Clause (This Clause void as to Windstorm Insurance): It is a condition of this insurance that while tobacco is being 'Fired' and for five (5) days thereafter, the liability of this Company against fire is suspended on all items of this policy covering in, on or within eighty (80) feet of the building in which open fire is used for curing of dark tobacco, unless permission for 'firing' of tobacco is granted by special endorsement hereon and additional premium charged therefor."

For defense the insurance company pleaded suspension of liability under the foregoing provision of the policy and undertook to prove facts necessary to substantiate the defense. The case was tried by a jury. The trial was concluded in the late afternoon and the court adjourned until the following morning without submitting the case. During the recess the insurance company received information that Hamilton had gone first to certain lawyers who declined to bring an action on the policy when Hamilton told them that fire had been in the barn during the period mentioned in the suspension provision. The company was also informed that these lawyers had written to Hamilton explaining to him in detail that he could not successfully maintain an action because of the suspension provision of the policy.

On the following morning the insurance company moved to reopen the case and proposed to introduce these lawyers as wit-

nesses for the purpose of showing that Hamilton had told them about fire being in the barn during the period mentioned in the suspension provision and for the further purpose of showing that they had informed Hamilton of his legal position.

Hamilton contended that his communication with these lawyers was privileged and he therefore objected. The trial court concluded that the communication was privileged and declined to reopen the case.

The insurance company insists that the communication was not privileged and that the trial court abused its discretion in declining to reopen the case for introduction of the lawyers' testimony. Upon this ground alone the insurance company seeks a reversal.

KRS 421.210(4), formerly Civil Code 606(4), provides for the privilege as between attorney and client as did the common law. In construing the legislative enactment this Court in the case of Cummings v. Commonwealth, 221 Ky. 301, 298 S.W. 943, 947, set forth the general rule and the rule of application. There we said:

"* * * By the great weight of authority the privilege is absolute as to communications made by or to a person advising with an attorney as to past transactions and offenses. However, the rule does not apply to future transactions when the person seeking the advice is contemplating the commission of a crime or the perpetration of a fraud; the authorities being uniform that in such a case the relation of attorney and client does not exist, and that such communications are not privileged. Where the commission of a crime is contemplated, there is no difficulty in applying this principle, and the same may be said as to the perpetration of an obvious fraud. But a person may have a grievance which does not constitute a cause of action and yet in good faith consult with an attorney in reference to a contemplated suit, and be advised as to his rights, and, in such case, be entitled to the privilege, and an arbitrary rule cannot be drawn between these extremes. * * *

"This seems to be a fair statement of the application of the rule. If one knowingly employs counsel or attempts to employ counsel for an illegal purpose, he is not entitled to the protection of secrecy; if, without knowledge that his contemplated action is wrong, he consults an attorney, and is advised that it would constitute a civil wrong, and persists in such action, either by collusion with that attorney or by the employment of another, he is likewise not entitled to the protection of secrecy; but if, under such circumstances, when advised by counsel that the contemplated action is a civil wrong, he desists and takes no further steps, it cannot be said that his purpose is illegal, as a guilty intent cannot exist without knowledge. * * * Standard Fire Ins. Co. v. Smithhart [183 Ky. 679, 682, 211 S.W. 441, 5 A.L.R. 972], is in harmony with this view. In that case the plaintiff sought to recover on some fire insurance policies. She admitted to counsel that the property covered by the policies had been burned by another person with her knowledge and counsel refused to prosecute the suit. The policies were returned to her and she employed other counsel, who brought suit on the theory that the property was accidentally burned. Her claim was clearly fraudulent and it was properly held that her communication to her first lawyer was not privileged."

It is our opinion that the foregoing quotation provides us with a sound rule for the application of our privilege provision relating to lawyer and client. Standard Fire Ins. Co. v. Smithhart, supra, was determined upon facts remarkably similar to those alleged in the present case. It will be noted however that in that case the insured admitted complicity in the crime of

arson. This admission under the foregoing rule would certainly have been privileged except for the fact that the insured, as did Hamilton in the present case, persisted in bringing an action to recover on the policy. Our conclusion in the present case is therefore inescapable. If Hamilton made the statements attributed to him and if those statements were true he had no just cause against the insurance company. If he had been so informed and yet persisted in bringing an action on the policy through other attorneys the statements ceased to be privileged and would be admissible in evidence as other statements against interest. The trial court erroneously held the statements to be privileged.

Though the evidence of the lawyers would have been cumulative we are convinced that, under prevailing circumstances, the trial judge should have reopened the case and permitted the lawyers to testify.

The judgment is reversed.